UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LINDA STORK,                                          Case No. 6:12-cv-1300-AA
                                                      OPINION AND ORDER
            Plaintiff,

      v.

FLAGSTAR BANK, FSB; FEDERAL
HOME LOAN MORTGAGE CORPORATION;
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.; NORTHWEST
TRUSTEE SERVICES, INC.,

            Defendants.
_____

AIKEN, Chief Judge:

      Plaintiff filed suit in state court alleging wrongful
foreclosure in violation of the Oregon Trust Deed Act (OTDA),
breach of duty, and unfair debt collection practices arising from
the non-judicial foreclosure of her property. Plaintiff seeks
declaratory relief, damages, and attorney fees. Defendants now move
for dismissal of this action, arguing that plaintiff's claims are

1   - OPINION AND ORDER

precluded by the doctrines of claim and issue preclusion. I agree and grant defendants' motions.

BACKGROUND

In May 2001, plaintiff purchased real property located at 27098 Petzold Road in Eugene, Oregon. In March 2008, plaintiff refinanced her mortgage loan in the amount of $360,000 through a promissory note secured by a Deed of Trust (DOT). The DOT identifies plaintiff as Borrower, The Lending Company as Lender, Mortgage Electronic Registration Systems, Inc. (MERS) as Beneficiary "acting solely as a nominee for Lender and Lender's successors and assigns," and First American Title/Western Pioneer Division as Trustee. The DOT also states on the cover page, "After Recording Return To: FLAGSTAR BANK." Kono Decl. Ex. 1 at 12.

On August 14, 2009, plaintiff and Flagstar entered into a loan modification agreement. However, in March 2010, plaintiff became delinquent on her payments.

On September 30, 2010, MERS, as the named beneficiary of the DOT, assigned the DOT to Flagstar Bank, FSB (Flagstar), and Flagstar appointed Northwest Trustee Services, Inc. (Northwest Trustee) as successor trustee. Both documents were recorded in Lane County on October 27, 2010.

On October 25, 2010, Northwest Trustee executed a Notice of Default and Election to Sell (NODES), also recorded in Lane County on October 27, 2010.

On April 18, 2011, plaintiff filed a complaint in Lane County Circuit Court asserting claims against Northwest Trustee, Flagstar, MERS, and the Lending Company. Specifically, plaintiff sought a declaration that: 1) the pending nonjudicial foreclosure was wrongful; 2) neither MERS nor Flagstar was a valid beneficiary under the DOT; 3) there were unrecorded assignments of the DOT; 4) neither MERS nor Flagstar was a Lender or investor under the Note or DOT; and 5) Flagstar did not have the right to foreclose. Defendants removed the case to federal court, and it was assigned to Magistrate Judge Coffin. The parties consented to disposition by magistrate judge.

On June 24, 2011, Flagstar recorded a "Sworn Affidavit, Transfer Statement, and Notice of Assignment Pursuant to ORS 79.0607(2) and ORS 79.0619." Kono Decl. Ex. 2 at 14.

In October 2011, Flagstar, MERS and Northwest Trustee filed motions for judgment on the pleadings, arguing that no unrecorded assignments existed under the Oregeon Trust Deed Act, MERS was authorized to assign the DOT, and alternatively, that Flagstar cured any lack of assignment and had a right to foreclose nonjudicially under Or. Rev. Stat. § 79.0607.

On January 4, 2012, Northwest Trustee rescinded the original NODES and recorded a another NODES scheduling the foreclosure sale for May 7, 2012. Northwest Trustee also served and published a notice of sale.

On February 13, 2012, Magistrate Judge Coffin granted defendants' motions on the pleadings, finding that "Flagstar holds the note, there was no impropriety in any assignments related to this action or the recording of such, and that Flagstar has the right to foreclose." Stork v. Northwest Trustee Services, Inc., Case No. 6:11-cv-6210-TC (D. Or. Feb. 13, 2012) (Op. & Order at 3).

On May 7, 2012, the property was sold at a nonjudicial foreclosure sale conducted by Northwest Trustee on Flagstar's behalf. According to plaintiff, defendant Federal Home Loan Mortgage Corporation (Freddie Mac) purchased the property.

On July 6, 2012, plaintiff filed the current action in Lane County Circuit Court, alleging "intentional spoiliation," breach of duty, wrongful foreclosure, and violations of the Oregon Unlawful Debt Collections Practices Act (UDCPA). On July 18, 2012, defendants removed the action to federal court.

<u>DISCUSSION</u>

Defendants contend that plaintiff's current claims are precluded by the final judgment rendered by Magistrate Judge Coffin, given that the prior case also challenged Flagstar's ability to commence nonjudicial foreclosure proceedings.

"Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008)

(quoting <u>New Hampshire v. Maine</u>, 532 U.S. 742, 748 (2001)). Claim preclusion applies "where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." <u>Turtle Island Restoration Network v. U.S. Dep't of State</u>, 673 F.3d 914, 917 (9th Cir. 2012) (internal quotation marks and citation omitted). Claim preclusion encompasses claims that were or could have been brought in a prior proceeding. <u>Id.</u> at 918.

To determine an "identity of claims," the court considers:

(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

<u>Costantini v. Trans World Airlines</u>, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (citation omitted). "The last of these criteria is the most important." <u>Id.</u> at 1202. Here, I find an identity of claims.

First, Flagstar's and Northwest Trustee's rights to foreclose were established by Magistrate Judge Coffin's ruling, and those rights would be destroyed or impaired, though after the fact, by a contrary ruling in this case. The same is true of Freddie Mac's current rights to and interest in the property. If plaintiff believed Magistrate Judge Coffin's ruling was contrary to Oregon law or otherwise in error, plaintiff could have appealed the final judgment in that case or moved to set aside the judgment. Plaintiff did neither and cannot now challenge that ruling in this action.

Second, plaintiff's wrongful foreclosure claims rely on essentially the same evidence as that presented in the first action; namely, the recorded documents of record and plaintiff's allegations of unrecorded assignments. The fact that plaintiff now claims to present additional evidence of "destroyed" or unrecorded assignments does not persuade me that her claims in this action are based on different evidence.

Third, both actions involve infringement of the same right and allege the same cause of action - wrongful foreclosure. Although plaintiff now alleges claims of spoiliation of evidence against Flagstar and breach of duty against Northwest Trustee, these claims relate to and ultimately are intended to support plaintiff's claim of wrongful foreclosure.

Fourth, plaintiff's claims in the current action arise from the same transactional nucleus of facts underlying her first cause of action. "In most cases, the inquiry into the 'same transactional nucleus of facts' is essentially the same as whether the claim could have been brought in the first action." Turtle Island, 673 F.3d at 918 (internal quotation marks and citation omitted).

Here, plaintiff's claims in her first action arose from defendants' actions in seeking nonjudicial foreclosure. Likewise, plaintiff's claims in this action arise from the same conduct - defendants' efforts to foreclose on the property. Thus, plaintiff's wrongful foreclosure claims could have been, and in fact were,

brought in her prior lawsuit. Plaintiff nonetheless maintains that this case involves a different nucleus of facts because it is based on a "different" NODES and nonjudicial foreclosure proceeding. However, Northwest Trustee's rescission of the original NODES does not mean that plaintiff's claims in this action arise from a different set of facts, particularly when Northwest Trustee recorded a new NODES the very same day. The fact remains that plaintiff's claims in both actions challenge Flagstar's authority to foreclose based on the alleged existence of unrecorded assignments of the DOT (due to the securitization and transfer of plaintiff's loan), and MERS' alleged lack of authority to assign the DOT. Thus, there is an identity of claims.

The same analysis applies to plaintiff's asserted claims for breach of duty and violations of the UDCPA.[1] While plaintiff did not bring these claims in her prior lawsuit, they are based on the same facts. Specifically, plaintiff alleges that Northwest Trustee breached an unidentified statutory duty to confirm that Flagstar had the authority to foreclose, and that Flagstar and Northwest Trustee attempted to "collect interest and other charges or fees in

---

[1] Plaintiff also argues that her Complaint alleges a claim under the Oregon Unfair Trade Practices Act, in that Flagstar misrepresented itself as the holder of the note and failed to disclose Freddie Mac's role in the mortgage. To the extent plaintiff's allegations are unclear, plaintiff seeks leave to amend. However, given Magistrate Judge Coffin's ruling - which has not been set aside - I find that any such amendment would be futile.

7    - OPINION AND ORDER

excess of the actual debt." Pl.'s Compl. at 10. Thus, as in plaintiff's prior lawsuit, these claims arise from defendants' conduct in pursuing foreclosure, and they are also barred by claim preclusion. "[W]here claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." Turtle Island, 673 F.3d at 918.

Next, plaintiff's prior action resulted in a final judgment on the merits. Magistrate Judge Coffin rendered judgment on the pleadings, and the case was dismissed with prejudice. See Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002).[2]

Finally, privity between the parties exists. Plaintiff's current suit names the same defendants as those named in her prior action, with the addition of Freddie Mac. "Even when the parties are not identical, privity may exist if there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1081 (9th Cir. 2003) (internal quotation marks and citation omitted). Here, Freddie

---

[2]In her response, plaintiff argues that her first action did not result in a final judgment on the merits, because the issues were not ripe for resolution once Northwest Trustee rescinded the NODES on January 4, 2012. However, Northwest Trustee issued a new NODES the very same day; thus the issues were not rendered moot. Regardless, plaintiff's arguments must be raised before Magistrate Judge Coffin on a motion to set aside judgment, not before the undersigned in a new cause of action.

8    - OPINION AND ORDER

Mac's interest in the property aligns with Flagstar's interest in the validity of the nonjudicial foreclosure proceedings; thus, there is privity between them. In sum, plaintiff's claims asserted in this action were or could have been brought in her prior action, and claim preclusion applies.

Furthermore, Magistrate Judge Coffin specifically found that Flagstar had the right to foreclose, and the doctrine of issue preclusion bars the relitigation of that issue in this case. Taylor, 553 U.S. at 892 (issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.") (quotation marks and citation omitted); Paulo v. Holder, 669 F.3d 911, 917 (9th Cir. 2011). Accordingly, claim and issue preclusion bar plaintiff's claims.

<u>CONCLUSION</u>

Defendants' Motions to Dismiss (docs. 29, 32) are GRANTED, and this case is DISMISSED. Plaintiff's motion to require mediation (doc. 44) is DENIED as moot.

IT IS SO ORDERED.

Dated this ___12___ day of June, 2013.

Ann Aiken
United States District Judge